UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN MONK, <br><br> Plaintiff, <br><br> v. <br><br> SANTANDER CONSUMER, USA, <br><br> Defendant. | Case No. 3:24-cv-01007-JPG |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter comes before the Court on an initial complaint (Doc. 1). The Plaintiff filed his complaint on April 1, 2024.

The Court has an independent duty to ensure that it has subject matter jurisdiction to hear cases brought before it. *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *see also Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (citing *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986) ("[O]nce the district judge has reason to believe that there is a serious jurisdictional issue, he is obliged to resolve it before proceeding to the merits even if the defendant, whether as a matter of indolence or strategy, does not press the issue.")).

Federal subject matter jurisdiction may be invoked if a case falls within the Court's original jurisdiction, raises a federal question, or if the parties are entirely diverse in state citizenship *and* the amount in controversy exceeds $75,000. The party invoking federal jurisdiction bears the burden of showing that a federal court has subject matter jurisdiction. *E.g. McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (stating, "the one who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court").

Here, the Plaintiff, Kevin Monk, represents himself and filed this case using the "Complaint for a Civil Case" form. Section Two of that form explains the limited jurisdiction of federal courts and asks the plaintiff for the basis of the federal court's jurisdiction. Monk did not mark whether this case presents a federal question, nor whether this case falls within the Court's diversity jurisdiction. Rather, Monk wrote "N/A" i.e., "not applicable," next to both federal question and diversity jurisdiction.

Additionally, below Section Two are Subsection A and Subsection B. If the basis for jurisdiction is a federal question, Subsection A asks that the plaintiff list the specific statutes, treaties, and/or provisions of the Constitution the case involves. Alternatively, if the basis for jurisdiction is diversity, Subsection B asks for the citizenship of the parties and the amount in controversy. Monk wrote "N/A" next to each question under both subsections, except for "amount in controversy," which Monk left entirely blank.

The only clue Monk provides for subject matter jurisdiction is a short, difficult-to-decipher statement of the claim and a supplement, filed on April 10, 2024. (Docs. 1, 5). From what the Court can decode, Monk claims that his truck, a four-door 2011 Ford F150 ("Truck"), was unlawfully repossessed. The total value of the Truck when new was approximately $40,000. Monk claims that, after he paid the total amount of the loan in full, that his Truck was unlawfully repossessed. According to Monk, the Defendant has demanded payment of $10,000 and claims that the total amount owed is approximately $30,000.

Regardless, even were the Truck valued at the same price today as it was new ($40,000) and the Defendant was still demanding full payment ($30,000), the total amount in controversy in that hypothetical scenario ($70,000) would still be less than the threshold requirement for diversity jurisdiction ($75,000). The Plaintiff does not allege any other damages that would buoy

his claim up to the threshold required for diversity, nor has the Plaintiff alleged an amount in controversy specifically on the form, nor pled diversity of citizenship. This appears to be a routine breach of contract case and, therefore, the only way for the Plaintiff to sustain this action in federal court is to adequately plead diversity; Monk has failed to do so.

Moreover, setting aside briefly the issue of subject matter jurisdiction, the Court observes that Monk also did not indicate any information to allow for service of process on the Defendant—despite the Defendant being a large corporation and the Plaintiff's inclusion of other court cases and news articles attached to his filings that involve the Defendant. The Plaintiff appears to be unaware of the service of process requirement.

Given the initial complaint is defective and the Plaintiff has failed to adequately plead, the Court **ORDERS** Monk to **SHOW CAUSE** on or before **May 15, 2024**, why the Court should not dismiss this case for lack of subject matter jurisdiction. The Defendant shall have fourteen (14) days from either the filing of the Plaintiff's response or from the receipt of this order—whichever is later—to reply to the Plaintiff's response. Monk may respond to this order by filing a motion to amend complaint, with an attached first amended complaint that adequately pleads subject matter jurisdiction *and* includes information required for service of process. The Clerk of Court is **DIRECTED** to mail a copy of this order, a copy of the initial complaint (Doc. 1) and a copy of the supplement to the complaint (Doc. 5), to the following:

**Santander Consumer USA Inc.**
P.O. Box 961245
Fort Worth, TX 76161-1245

Additionally, the Court observes that Monk has not paid the required filing fee nor filed a motion to proceed without payment of fees (in forma pauperis). Accordingly, within thirty (30) days of the entry of this Order, Monk is **ORDERED** to submit the $405.00 filing fee or a motion to proceed without prepayment of the filing fee. If Monk fails to pay the filing fee or file a

motion to proceed without prepayment of the filing fee by the deadline, this case will be dismissed without prejudice for failure to prosecute. Fed. R. Civ. Pro. 41(b); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998). All mail should be sent to:

**Clerk's Office,**
U.S. District Court,
750 Missouri Avenue,
East St. Louis, IL 62201

Finally, Monk is advised that if his address changes, he must notify the Court within fourteen (14) days of the change by filing a Notice of Change of Address. Failure to do so could result in the dismissal of this case.

**IT IS SO ORDERED.**
**DATED:  May 1, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**