UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN MONK,

    Plaintiff,

v.

SANTANDER CONSUMER USA,

    Defendant.

Case No. 3:24-cv-01007-JPG

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on an Order to Show Cause. (Doc. 8). The Court ordered the Plaintiff to show cause why this case should not be dismissed for lack of jurisdiction. Following the Plaintiff's two responses to the order and a hearing, the Court concludes that it does not have subject matter jurisdiction. Accordingly, this case is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

    The Plaintiff, Kevin Monk, filed this lawsuit on April 1, 2024. (Doc. 1). In his complaint and subsequent filings Monk alleged that his truck, financed through Santander Consumer USA, was unlawfully repossessed. Monk claimed that he had paid $40,000 for his truck. His truck was repossessed. When Monk called to ask for his truck's release, he was told his truck would only be released if he paid $10,000 upfront. Monk was also informed that he still owed $30,000 for the remaining loan balance. Monk argued that he had fulfilled his loan obligations because the amount that he paid on the loan exceeded the truck's value.

    Monk did not plead the citizenship of the Defendant. The Defendant is a corporation headquartered in Texas. At the time of filing, it was unclear where the Defendant was first incorporated—a cursory public records search returned multiple states of incorporation. While

1

the Court ordered that a copy of the order to show cause be sent to the Defendant's listed address, the Defendant has not entered an appearance to clarify their citizenship.

Monk's purported amount in controversy did not appear to rise above the threshold for diversity jurisdiction. Given there was an open question on whether the amount in controversy was sufficient for diversity, the Court sought to clarify the amount in controversy before allowing the case to proceed and investigating the diversity of citizenship issue.

Whether Monk satisfies the amount in controversy depends on two facts: the present value of Monk's truck and whether the $10,000 the Defendant was seeking for the release of Monk's truck would be applied to the remaining $30,000 loan balance.

Monk did not indicate the value of his truck in his filings, but seemed to suggest that it was valued at $40,000. Monk believed that the $10,000 the Defendant demanded would *not* be applied to the remaining $30,000 balance. Under these assumptions, by Monk's calculation ($40,000 plus $10,000 plus $30,000), the amount in controversy here was $80,000; above the threshold for diversity.

However, the Court was skeptical that the $10,000 the Defendant demanded would not be applied to the remaining loan balance. Even assuming that Monk's valuation of the truck was accurate at $40,000—as he claimed—if the $10,000 the Defendant demanded would be applied to the remaining loan balance, the amount in controversy would be $70,000; below the threshold for diversity.

Monk failed to sufficiently clarify these amounts in his filings. Given Monk was proceeding pro se, the Court called a jurisdictional hearing. At the hearing, Monk revealed that his statements of paying $40,000 for his truck included the price of the used truck *and* the amount he paid over four years. When Monk purchased the *used* truck over four years ago, it

was valued at approximately $24,000. Given autos are often subject to steep devaluation over time, it is unlikely that the truck has retained its value. However, even presuming the truck's value remained the same and that the demanded $10,000 would not be applied to the remaining $30,000 loan balance, the amount in controversy is—at most—$64,000 ($24,000 plus $10,000 plus $30,000). More than likely, the demanded $10,000 would be applied to the loan balance, making the amount in controversy $54,000. Regardless, because the amount in controversy here is not over the $75,000 threshold, this case fails to satisfy the amount in controversy requirement for diversity jurisdiction.

Additionally, while it is still not entirely clear where the Defendant was first incorporated, the Court conducted a business records search of corporate entities within the State of Illinois. That search returned an active registration indicating that the Defendant was formed and incorporated in the State of Illinois. While it is unclear whether this information is accurate, this revelation does not bode well for Monk's claim of diversity jurisdiction.

Given the Court gave Monk until July 1, 2024, to show cause why this case should not be dismissed for lack of subject matter jurisdiction, Monk has not provided sufficient cause, and the evidence indicates that the Court lacks jurisdiction, the Court hereby **DISMISSES** this case **without prejudice**. Nothing in this Court's opinion should be interpreted as evaluating the merits of Monk's claim; he simply cannot pursue that claim in federal court.

**IT IS SO ORDERED.**
**DATED:  July 9, 2024**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**
